```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 10-22991-Civ-MORENO
                                    MAGISTRATE JUDGE P.A. WHITE
ALFRED KIRKLAND,            :

       Petitioner,          :

v.                          :       REPORT RE DISMISSAL
                                     OF §2254 PETITION
WALTER A. McNEIL,¹          :         AS TIME BARRED

       Respondent.          :
_____
```

## INTRODUCTION

In this case, Alfred Kirkland, a state prisoner confined at Everglades Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on August 17, 2010 (DE#1).[2] Kirkland is attacking his judgment of convictions, and sentences imposed in Case No. F84-1327-A, in the Eleventh Judicial Circuit of Florida, at Miami-Dade County.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

An Order (DE#5) was entered granting Petitioner leave to supplement his initial filing; and an Order (DE#8) was entered instructing him to file a document addressing the issue of whether the petition might be barred under the 1-year period of limitations

---

[1] **Edwin G. Buss has replaced Walter A. McNeil** as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. Buss should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). In this case, Geldreich's §2254 petition was signed on 6/17/09, and stamped as received for mailing on that date at the institution where he was confined. The petition is therefore deemed to have been filed on 6/17/09.

1

imposed under The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which took effect on April 24, 1996.[3] Thereafter, an Order (DE#9) was entered requiring the State to file a Response, to show cause why the petition should not be granted.

The Court has for its consideration the Petitioner Kirkland's §2254 petition (DE#1, pp.1-17) and memorandum (DE#1, pp.18-24) with Exhibits (DE#1, pp.25-85); Petitioner's Response (DE#10) to the Order requiring him to address the question of timeliness of his petition; Petitioner's "Supplement For 2254 Petition" (DE#11); the State's "Response to Order to Show Cause" (DE#14); the Petitioner's Reply (DE#15, captioned "Response to Response"); and public records available on the internet pertaining to Kirkland's underlying state criminal case and postconviction proceedings, including: (1) the Docket Sheet for Court Case No. F84001372A available through the website and database maintained by the Miami-Dade County Clerk of Court;[4] and (2) the last state court decision published on Westlaw pertaining to Petitioner Kirkland, a Florida 3rd DCA opinion [appellate case No. 3D10-147] *per curiam* affirming the 10/28/09 denial by the Honorable Marisa Tinkler Mendez, Miami-Dade Circuit Judge, of Kirkland's belated 7/14/09 filing captioned "Petition for Writ of Habeas Corpus as Well as Motion for Arrest in Judgment," Kirkland v. State, 41 So.3d 907, 2010 WL 2708079 (Fla. 3 Dist., July 7, 2010) ("an Appeal under Florida Rule of Appellate Procedure 9.315(a) form Circuit Court for Miami-Dade County, Marisa Tinkler

---

[3] Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must generally file his §2254 petition within one year from the date that his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244(d)(1)(A); Jimenez v. Quarterman, 555 U.S. 13, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009) explaining the rules for calculating the one-year period under §2244(d)(1)(A)).

[4] The docket sheet may be retrieved directly at the following website address: http://www2.miami-dadeclerk.com/CJIS/CasePrinter.aspx?case=F84001372A

Alternatively, the docket sheet is available by navigating the publicly available Website maintained by the Miami-Dade Clerk of Court, by first going to the website address (http://www.miami-dadeclerk.com/); selecting [clicking on] "Criminal and Civil Infraction," which leads to a page captioned "Criminal Justice and Civil Infraction Cases - Case Search," and then on that page entering, respectively, into four fields provided, the following: F  84  001372  A.

Mendez, Judge. Alfred Kirkland, in proper person").

In its Response to Order to Show Cause (DE#14) the State references Exhibits A-H; but no Appendix was filed or docketed. Nonetheless, documentation of the relevant dates, and filings and rulings in the state trial and appellate court proceedings, which preceded Petitioner Kirkland's filing of his §2254 petition in this case, is provided by Kirkland's statements in his §2254 Petition and by examination of documents which he appended to it, and by reference to the aforementioned docket sheet from Court Case No. F84001372A, and the 7/7/10 *per curiam* opinion on Westlaw.

The pertinent procedural history in Kirkland's state criminal case and postconviction proceedings is as follows. Kirkland was charged with <u>Count 1</u> first degree murder, <u>Count 2</u> burglary of an occupied structure, with an assault, and <u>Count 3</u> attempted robbery with a deadly weapon (Indictment, filed 2/16/84; <u>see</u> DE#1, pp.29-33). Kirkland voluntarily plead guilty in Case F84-1372-A on 11/27/84 (Procedural History in 10/28/09 Order, <u>see</u> DE#1, p.76); and on 2/19/85 he was sentenced to three concurrent terms of imprisonment: life with a 25 year minimum on <u>Count 1</u>, 17 years on <u>Count 2</u>, and 17 years on <u>Count 3</u> (<u>see</u> §2254 petition, DE#1 at p.2, ¶2 stating that Kirkland's sentence and judgment were entered on 2/19/85; <u>see</u> Criminal Court Docket Case F84001372A reflecting "Date Closed 2/19/1985;" and <u>see</u> Procedural History in 10/28/09 Order; <u>see</u> DE#1, p.76, ¶2). Kirkland took no direct appeal (<u>see</u> Criminal Case Docket Sheet; <u>see</u> §2254 petition, DE#1 at p.3, ¶8 and pp.3-6 at ¶¶11(a)-(e)). Kirkland pursued no state postconviction proceedings until more than 24 years after his plea and sentencing (<u>see</u> Criminal Case Docket), and then on 7/14/09 in the trial court he filed the aforementioned <u>pro se</u> "Petition for Writ of Habeas Corpus as Well as Motion for Arrest in Judgment" (<u>see</u> DE#1, pp.35-41; <u>see</u> 10/28/09 Order denying the petition at DE#1, pp.76-80).

On 10/28/09 the trial court [Circuit Judge Mendez] entered an order which determined that Kirkland's filing was an attempt to avoid time limitations of a Rule 3.850 motion, by styling it as a Petition for Writ of Habeas Corpus and/or a Rule 1.540 Motion for

3

Arrest of Judgment. Judge Mendez's order denied relief on grounds that Kirkland's filing was in legal effect a Rule 3.850 motion, and was time-barred; and in the alternative, finding that his claims were without merit. In so ruling, the trial court specifically noted that Rule 3.850 governs motions to vacate, set aside, correct sentence, and other forms of post-conviction relief; and found that in his motion Kirkland was "requesting postconviction relief" and therefore his claims would properly be raised in a Rule 3.850 motion. The Court, having found at the introduction of its order (DE#1, p.76, Order ¶¶1-3) that "on November 27th, 1984 the defendant voluntarily entered a plea of guilty in case F84-1372-A," was adjudicated guilty on the three counts charged, and "on July 14th, 2009 filed the instant pro-se motion," noted that pursuant to Rule 3.850 no motion shall be filed or considered if filed more than 2 years after judgment and sentence become final in a noncapital case, or one year in a capital case, and found that "This motion is well beyond the time limitation and is therefore untimely. Dean v. State, 644 So.2d 122 (Fla. 2d DCA 1994); Fla.R.Crim.P. 3.850."

Underscoring the decision that Kirkland's petition, properly construed as a Rule 3.850 motion was untimely, the Court, citing Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987), noted that "judgment and sentences are final for purposes of Rule 3.850 motions when any direct review proceedings have concluded and jurisdiction to entertain a Rule 3.850 motion returns to the lower court;" and citing McGee v. State, 684 So.2d 241 (Fla. 2d DCA 1996), and Jones v. State, 602 So.2d 606 (Fla. 1st DCA 1992), noted that "time starts for purposes of Rule 3.850 motions after the initial thirty (30) days to file an appeal,"... "or after the Mandate."

With regard to the merits, the trial court found that:

> In the instant motion, the defendant offers an alternate explanation of events and highlights what he believes to be an error in the Indictment in an attempt to exculpate himself form the crime of First Degree Murder. However, upon entering a plea

> of guilty, without express reservation of the right to appeal, the defendant gave up the right to appeal all matters relating to the judgment, including the issue of guilt or innocence. Fla.R.Crim.P. 3.171(c)(4).

(10/28/09 Order, at ¶9). Further, the Court noted Kirkland's assertion that the Indictment failed to list the correct night janitor on duty at the store where the crime occurred. The Court noted that under Fla.R.Crim.P. 3.140(o), no Indictment or Information, or any count thereof shall be dismissed or judgment arrested unless the court is of the opinion that the charging document is so vague, indistinct, and indefinite to mislead the accused and embarrass him or her in the preparation of the defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense. The Court found that even if an error such as that asserted by Kirkland existed, it would not create a deficiency that would require an Arrest of Judgment, and cited Allen v. State, 263 So.2d 248, 249 (Fla. 2nd DCA 1972)(holding that information was not defective and judgment should not be vacated where the information failed to list the business that was allegedly robbed). The court further noted/found that:

> To be certain, the Indictment lists Mr. Kurt Dahlenburg as the owner or custodian of the Pantry Pride store where the incident occurred. The word "custodian" should be taken to mean "guardian or caretaker," and not exclusively "janitor" as it was interpreted by the defendant. Therefore there is no deficiency with the Indictment and the Defendant's claims are without merit.

(10/28/09 Order, at ¶10). With respect to Kirkland's plea and the Indictment, the trial court made the following additional findings:

> Additionally, during the plea colloquy the defendant stipulated that the Indictment states a prima facie case against him, and specifically admitted to the murder of Jerome Derisme contrary to the Florida law and during the course of a robbery.

(10/28/09 Order, ¶10). The Court denied Kirkland's Petition/Motion, and advised that he had 30 days to appeal (DE#1, p.79; see Criminal Docket Seq.No.55). The record shows that Kirkland sought rehearing of Judge Mendez's 10/28/09 Order (Criminal Docket Seq.No. 56, docketed 11/12/09), which was denied (Id., Seq.No. 61, docketed 12/15/09). Kirkland filed a Notice of Appeal (Id., Seq.No. 62), and the Florida 3rd DCA, without Requiring a Response from the State, *per curiam* affirmed [in Appellate Case No. 3D10-147] on 7/7/10, Kirkland v. State, 41 So.3d 907, 2010 WL 2708079 (Fla. 3 Dist., July 7, 2010); Kirkland sought rehearing in Case 3D10-147, which was denied on 8/10/2010 (see Order at DE#1, p.27), and Mandate issued [Respondent states Mandate issued 8/26/10], and is reflected on the Criminal Case Docket (Seq.No. 68, docketed 8/31/10).

While his motion was pending for rehearing of the 3rd DCA's *per curiam* affirmance of the Circuit Court's 10/28/09 order denying of postconviction relief, Kirkland filed his §2254 petition in this court on 8/17/2010.

## DISCUSSION

In this case, in its Response to Order to Show Cause, the State argues that Kirkland's §2254 petition is time barred under the AEDPA.

Under the AEDPA, a one-year period of limitation applicable to §2254 petitions is set out in 28 U.S.C. §2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, where petitioner Kirkland's judgment of conviction and sentences in Case No. F84001372A became final in 1985, which was before April 24, 1996, the effective date of the foregoing provisions, he was entitled to the benefit of a one-year grace period applied by Eleventh Circuit and the majority of courts to counteract any retroactivity problems with the AEDPA's enactment. See Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209 (11 Cir. 1998); Goodman v. United States, 151 F.3d 1335 (11 Cir. 1998).

Based on the record before the court, assuming that Kirkland plead guilty on 11/27/84, and was sentenced and adjudicated guilty on 2/19/85, then following his 2/19/85 sentencing and adjudication he would have had 30 days, or until 3/21/85 to appeal. Where Kirkland did not prosecute a direct appeal, his judgment of conviction and sentences then became final on that date. With the 1-year grace period provided under the AEDPA, he would have had until 1 year after 4/24/96, in which to timely file a federal petition for writ of habeas corpus. His petition in this case was not filed on or before 4/24/97, as required. In fact, it was not filed until more than 13 years after that AEDPA deadline.

As his sole ground for relief in the §2254 petition, Kirkland frames his claim, as follows, *verbatim*:

> Petitioner's information was defective to the point that it omitted essential elements of the offense and because of that Petitioner pleaded guilty to 3 crimes that his conduct did not exhibit. The information also contained fraudulent declarations (1) that the manager was the custodian for the

7

> night of the crime for the store, and (2) that petitioner Att. to Rob the decedent when evidence reflect that petitioner attempt to break into the safe. Florida law has a method of challenging this issue - via arrest in judgment and writ of habeas corpus and petitioner was denied this review.

In his §2254 petition, and in his filings in response to the Court's orders and in reply to the State's Response to Order to Show Cause in this case, Kirkland states that it was not until he consulted with an inmate law clerk in prison that he realized the bases for the arguments that he now raises in his §2254 petition.

Kirkland explains that "the preparer of his motions" had asked him how much time he had in prison, and he responded [to the preparer] that he had a Life sentence with a 25 year mandatory, and that everyone had told him he could not obtain relief in his case, and that "this was the very same advice that his atty. Gave him and he did not want to get electrocuted in the Electric Chair." Kirkland states that the inmate law clerk assisting him surmised, based on Kirkland's version of the fact as told to him, that Kirkland was actually innocent of 1st degree murder and that he was charged with a "non existent crime of att. robbery of the decedent." Now, nearly a 1/4 century after his guilty plea and conviction [and more than 13 years after the 1-year AEDPA limitations period expired in his case] in conjunction with this claim, Petitioner Kirkland asserts that he "pleaded guilty to 3 crimes that his conduct did not exhibit, and cites "<u>Fiore vs. White</u> S.Ct. 712 (2001)."  In its decision in <u>Fiore</u>, the Supreme court held that "[T]he Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt." <u>Fiore v. White</u>, 531 U.S. 225, 228-29, 121 S.Ct. 712 (2001) (citing <u>Jackson v. Viriginia</u>, 443 U.S. 307, 316 (1979), and <u>In re Winship</u>, 397 U.S. 358, 364 (1970).

Under the circumstances of his case, <u>Fiore</u> offers petitioner Kirkland no haven, or basis for relief. The record indicates that Kirkland voluntarily plead guilty to the offenses charged, and that he stipulated during his plea colloquy that the facts proffered by

the State as a basis for his guilty plea were true.

Kirkland was present during the commission of the offenses on which he was charged and convicted; was present at the time he consulted with counsel about his guilty plea; and was present at his own plea hearing during which he stipulated to the indictment and admitted to committing the murder of the victim Derisme during the course of an attempted robbery [as noted by the trial court in denying his 2009 motion for postconviction relief]. He clearly knew all the facts and events related to his case and related to his present claims at the time he was adjudicated guilty, and was aware of them before the 1-year AEDPA limitations period for filing a federal habeas corpus petition expired in his case in 1997.

The petitioner Kirkland has presented no valid justification supported by evidence of record for his failure to timely file his federal habeas corpus petition attacking his underlying state convictions and sentences, and there is no suggestion of record to indicate that equitable tolling should apply in this case.

Where Kirkland's convictions and sentences were final before AEDPA became effective 4/24/96, and more than a decade of untolled time passed between 4/24/96 and 8/17/10 when he sought §2254 relief in this court, the State correctly argues that Kirkland's §2254 petition should be dismissed as untimely.

It is further noted [based on the trial court's findings, followed by affirmance on appeal, that the claims raised in Kirkland's July 2009 postconviction motion were time barred, and that his November 1984 guilty plea was free and voluntary], the State correctly here argues in the alternative, for the reasons stated in Sections III C and D of its Response, that Kirkland's §2254 claims [which echo the procedurally barred claims in his state postconviction motion] are also procedurally barred from federal habeas corpus review; and that Kirkland's guilty plea, made knowingly, voluntarily, and with the benefit of competent counsel, waived all nonjurisdictional defects in the proceedings. These defenses asserted by the State, offer valid alternative bases for denial of the instant §2254 petition if the Court were to deem that

the petition is not time-barred because it was not filed within the time period allotted for doing so by the AEDPA.

## **CONCLUSION**

It is therefore recommended that: 1) Alfred Kirkland's federal petition for writ of habeas corpus, seeking relief under 28 U.S.C. §2254, be DISMISSED as time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2); and 2) this case be CLOSED.

Objections to this report may be filed with the Chief Judge within fourteen days of receipt of a copy of the report.

Dated: April 18th, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Alfred Kirkland, Pro Se
     DC# 097014
     Everglades Correctional Institution
     1599 S.W. 187 Avenue
     Miami, FL 33194

     Linda S. Katz, AAG
     Office of the Attorney General
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131

10